* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission affirms and modifies the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction.
2. On July 27, 2004, plaintiff filed a Tort Claim Affidavit alleging negligence; specifically, that he was injured on August 15, 2001 when Officer Lightbourne ordered the use of unnecessary excessive force on plaintiff. Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant also moved to dismiss pursuant to plaintiff's failure to comply with Rule 9(j) pleading requirements and asserted contributory negligence.
3. At the hearing before the Deputy Commissioner, plaintiff clarified that he was not seeking relief based on any medical malpractice on the part of defendant. Instead, plaintiff alleged that defendant was negligent by leaving him in four-point restraints after Officer Lightbourne and other employees allegedly assaulted him with a Plexiglas "riot shield," as he was being told to comply with orders.
 * * * * * * * * * * *
Based on the foregoing Findings of Fact the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) gives the Industrial Commission jurisdiction over individual claims that arise as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency, or authority, under circumstances where the State of North Carolina, if a private person, would be liable. Intentional acts are not within the scope of the Tort Claims Act and, as such, the Commission lacks jurisdiction over those claims. N.C. Gen. Stat. § 143-291.
3. In the case at bar, the evidence is insufficient to establish that plaintiff was injured by negligence on the part of defendant. Plaintiff failed to show that he was injured by the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency, or authority, under circumstances where the State of North Carolina, if a private person, would be liable. Id.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 1st day of November, 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER